MJ

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOE KAUFENBERG, | Case No.: CV-S-04-1484-RLH (RJJ) |
| Plaintiff, | **ORDER** |
| vs. | (Motion to Compel Arbitration--#7) |
| U.S. HOME CORPORATION, et. al., | |
| Defendants. | |

Before the Court is Defendants' **Motion for Compelling Arbitration** (#7), filed November 4, 2004. The Court has also considered Plaintiff's Opposition (#9), filed November 22, 2004, and Defendants' Reply (#14), filed December 6, 2004.

## BACKGROUND

The nature of this case involves an arbitration clause dispute arising from a construction defect controversy between Plaintiff and Defendants. In September 1999, the Plaintiff and Defendant U.S. Home Corporation entered into a Sales Agreement (Agreement) for the sale of a home located in Henderson, Nevada. The Agreement is a four-page document printed in eight-point font, with headings in bold, capital letters. The top page of the Agreement contains the following disclaimer in larger bold font: "This is a binding contract by which you agree to purchase an interest in real property. You should examine your rights of revocation contained

1

AO 72
(Rev. 8/82)

elsewhere in this contract." On the bottom left-hand side of every page is a line for the buyer to initial, signaling that he or she has read and understood the terms contained on the page. The arbitration clause appears on the bottom of the second page and states the following:

> **ARBITRATION OF DISPUTES.** The Parties to this Agreement specifically agree that this transaction involves interstate commerce and that any dispute (whether contract, warranty, tort, statutory or otherwise), including, but not limited to, any and all controversies, disputes or claims arising under, or related to, this Agreement, the property or any dealings between the Buyer and Seller . . . shall first be submitted to mediation and , if not settled during mediation, shall thereafter by submitted to binding arbitration as provided by the Federal Arbitration Act (9 U.S.C. §§1 et seq.), or if inapplicable, by similar state statute, and not by or in a court of law. . . . The arbitrator shall have the right to award reasonable attorneys' fees and expenses, including those incurred in mediation, arbitration, trial or appeal. . . . the cost of mediation shall be borne equally by Seller and Buyer.

The signature line appears on the fourth page. Plaintiff's initials appear on the bottom of the first three pages, and his signature appears on the fourth page.

On July 22, 2004, Plaintiff brought the instant action against Defendant in state court, seeking damages for construction defects in the home Defendant sold to Plaintiff. On October 28, 2004, Defendant removed the action from the state court to this Court, pursuant to 18 U.S.C. § 1332. On November 22, 2004, Plaintiff filed a Motion to Remand the action back to the state court, arguing that the Court did not have subject matter jurisdiction over the case because the amount in controversy was not more than $75,000. The Court denied Plaintiff's Motion to Remand in its Order dated May 6, 2005, and found that it had subject matter jurisdiction over the case. The Court now considers Defendant's Motion to Compel arbitration. For the following reasons, the Court finds that the arbitration clause is enforceable and dismisses the instant action.

## DISCUSSION

### Defendants' Motion to Compel Arbitration

Defendants argue that the Court should compel arbitration of this dispute between Plaintiff and Defendants, as required by Federal and Nevada law, because the parties signed a contract agreeing to arbitrate all disputes relating to the home that is the subject of Plaintiff's complaint. Plaintiff counters that arbitration clause is procedurally and substantively

unconscionable under Nevada law and thus unenforceable. Specifically, Plaintiff claims that the arbitration clause is unconscionable because it is printed in 8-point font, is obscured by legalese, and imposes onerous costs upon Plaintiff.

Under the FAA, "[a] written provision in any ... contract evidencing a transaction involving commerce to settle by arbitration a controversy arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA embodies a clear federal policy in favor of arbitration. See Simula, Inc. v. Autoliv, Inc., 175 F.3d 716, 719 (9th Cir.1999). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25 (1983). But federal law "does not supplant state law governing the unconscionability of adhesive contracts." Ingle v. Circuit City Stores, Inc., 328 F.3d 1165, 1169 n. 2 (9th Cir.2003). Thus, whether the arbitration clause is unconscionable, and thus unenforceable, must be determined under Nevada law. See Id.

"Generally, both procedural and substantive unconscionability must be present in order for a court to exercise its discretion to refuse to enforce a ... clause as unconscionable." Burch v. Dist. Ct., 118 Nev. 438, 442 (2002). "A clause is procedurally unconscionable when a party lacks meaningful opportunity to agree to the clause terms either because of unequal bargaining power, as in an adhesion contract, or because the clause and its effects are not readily ascertainable upon review of the contract." D.R. Horton, Inc. v. Green, 96 P.3d 1159, 1162 (Nev. 2004). Fine print or complicated, incomplete or misleading language often accompanies a finding of procedural unconscionability. Id. On the other hand, "[s]ubstantive unconscionability focuses on the one-sidedness of the contract terms." Id. at 1163.

////

### 1. Procedural Unconscionability

Plaintiff claims that the Agreement is difficult to read, and thus inconspicuous, because of the small 8-point font. Plaintiff argues that the provisions of the arbitration clause were neither capitalized nor in bold typeface, so as to put Plaintiff on notice as to the significance of the provision. In addition, Plaintiff argues that the arbitration provision does not put the buyer on notice that the buyer is waiving his or her right to a jury trial. Plaintiff relies on D.R. Horton, Inc. v. Green, 96 P.3d 1159 (Nev. 2004) to support his position that the arbitration provision is inconspicuous and thus unenforceable. The Horton case, as here, involved a home purchase agreement, which contained a mandatory arbitration provision. Id. 96 P.3d 1159, 1161. The agreement itself was two pages and printed in a very small font. In holding that the arbitration provision was procedurally unconscionable, the court found the following factors determinative: 1) the agreement was difficult to read; 2) the arbitration clause was on the back page in smaller font than that found on the front page; 3) the signature lines were on the front page, 4) nothing drew attention to the arbitration provision located on the back page; 5) the seller's agent made representations to the buyer that the arbitration provision was a standard provision; and 6) the buyer was not put on notice that he or she was waiving important rights under state law. Id. at 1164.

The Court finds the present situation distinguishable from Horton. Here, the arbitration provision is not in a font that is smaller than the rest of the agreement. Plaintiff concedes that the entire agreement is in the same 8-point font. In addition, at the bottom of every page of the agreement are lines where the buyer must initial to show that he or she has read and understand the provisions contained on that page. In fact, the arbitration provision appears on the bottom of the second page just above the line where Plaintiff wrote his initials. In addition, Plaintiff does not claim that Defendants downplayed the importance of the arbitration provision by making any representations to him that the arbitration provision was just a standard provision. Finally, the Court finds that the arbitration provision contains language that was sufficient to put

Plaintiff on notice that he was waiving his right to a jury trial. The arbitration provision states that the dispute "shall be submitted to mediation and, if not settled during mediation, shall thereafter be submitted to binding arbitration . . . *and not by or in a court of law*." (Emphasis added.) The Court finds that implicit in a statement that a dispute is not to be tried in a court of law, is the conclusion that the dispute will not be tried by a jury trial, which by definition, takes place in a court of law. In addition, at the top of the first page of the agreement, in bold typeface and font larger than the rest of the agreement, is a disclaimer which advises the buyer to "examine your rights of revocation contained elsewhere in this contract." The Court finds that these factors were sufficient to put Plaintiff on notice that he was waiving important rights under Nevada law. Accordingly, based on the foregoing reasons, the Court finds that the arbitration provision is not procedurally unconscionable.

## 2. Substantive Unconscionability

Plaintiff argues that the arbitration clause is substantively unconscionable because it provides that "the cost of mediation and arbitration shall be borne equally by Seller and Buyer." Plaintiff contends that the prohibitive cost of arbitration is a factor that prevents claimants from considering arbitration and redressing their injuries. Plaintiff relies on Horton for the proposition that an arbitration clause which requires claimants to pay one-half of the arbitration costs is one-sided and thus substantively unconscionable. In Horton, however, the court did not find the arbitration clause to be one-sided simply because of the requirement that each party pay equally for the costs of arbitration. Although the court recognized that significant arbitration costs could preclude a litigant from pursuing his or her legal remedies, the court found that "an arbitration agreement's silence regarding potentially significant arbitration costs does not alone, render the agreement unenforceable." Horton 96 P.3d at 1165. Instead, the determining factor in finding the arbitration provision substantively unconscionable was the existence of a liquidated damages provision that penalized only the buyer, and not the seller, for choosing to forgo arbitration. Id. at 1165. In light of the liquidated damages provision, the court, nonetheless, found that the lower

court had properly considered the defendant's failure to disclose arbitration costs because it was only one of the factors considered in finding the arbitration clause unenforceable. Id.

Although the Court appreciates the potential for high arbitration costs that Plaintiff may encounter, it notes that Plaintiff admits he does not know what the cost of the arbitration will be. As the Horton court noted, silence or uncertainty as to arbitration costs is not sufficient to find an arbitration provision unenforceable. With the exception of the fee splitting requirement, Plaintiff does not point to any other provisions in the arbitration clause that may support a finding of substantive unconscionability. Accordingly, the Court finds that the arbitration provision is not substantively unconscionable.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendant's Motion to Compel Arbitration (#7) is GRANTED and the instant action is dismissed.

Dated:   May 6, 2005.

ROGER L. HUNT
United States District Judge